UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SWEARINGEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC FOODS OF OREGON, INC.,<br><br>Defendant. | Case No. 13-cv-04157-JD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

## INTRODUCTION

Plaintiffs Mary Swearingen and Robert Figy challenge the use of the term "evaporated cane juice" ("ECJ") instead of sugar by defendant Pacific Foods of Oregon, Inc. ("Pacific") in the labels of its food products. Plaintiffs allege that this use of ECJ is a misrepresentation to consumers that violates the California Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA"). This case is one of several actions raising the same legal challenge to use of ECJ in food labels. This Court follows the decisions granting dismissal when, as here, plaintiffs fail to plead that they actually relied on the alleged misrepresentation -- a requirement for standing under the UCL and the CLRA. The motion to dismiss is granted without prejudice and with leave to amend the complaint within 14 days of the date of this Order. Because the complaint is dismissed on pleadings grounds, the Court does not reach Pacific's argument that the case should be dismissed or stayed for primary jurisdiction reasons.

## BACKGROUND

In this consumer class action, Plaintiffs assert that Pacific sells a number of products listing ECJ as an ingredient on the product's label. Ms. Swearingen purchased Pacific's All Natural Ultra Soy Vanilla, Organic Almond Original, Organic Almond Vanilla, and Organic Almond Low Fat

1   Chocolate non-dairy beverages. Dkt. No. 4 at 2. Mr. Figy purchased Pacific's All Natural
2   Poblano Pepper and Corn chowder. *Id.* Plaintiffs allege that Pacific lists ECJ as an ingredient in
3   those products in violation of Food and Drug Administration ("FDA") regulations and California's
4   Sherman Law[1] -- both of which require ECJ to be identified as sugar -- and so those products are
5   "misbranded." *Id.* They contend that under California law, misbranded food products cannot be
6   legally sold or possessed, and so the Pacific products they purchased "have no economic value and
7   are legally worthless." *Id.* Plaintiffs also assert that the "illegal label" allows Pacific to charge a
8   premium for its products that "seem healthier than [they are] in reality." *Id.* at 4.

Plaintiffs' complaint does not assert that they purchased the Pacific products in reliance on any alleged misrepresentation that evaporated cane juice is not sugar, or that they would not have purchased those products if they knew that they contained sugar. Instead, Plaintiffs claim that they "would not have purchased these products had they known the products were illegal to sell and possess nor would they have expended the purchase price for products that were worthless due to their illegality." *Id.* at 8. Plaintiffs allege violations of the unlawful prong of UCL, Cal. Bus. & Prof. Code § 17200, and of the CLRA, Cal. Civ. Code § 1750, *et seq.* based on Pacific's allegedly illegal use of ECJ on the labels of certain of its products. *Id.*

According to Plaintiffs, several other Pacific products, which plaintiffs did not purchase, also have illegal labels that list ECJ as an ingredient including: Organic Almond Vanilla non-dairy beverage Single Serve 4 pack, All Natural Hazelnut Chocolate non-dairy beverage Single Serve 4 pack, All Natural Ultra Soy Original non-dairy beverage, All Natural Select Soy Original non-dairy beverage, All Natural Ultra Soy Vanilla non-dairy beverage, All Natural Chipotle Sweet Potato Soup, Pacific Barista Series Organic Spicy Chai Concentrate, and All Natural Hazelnut Chocolate non-dairy beverage. *Id.* at 13. Plaintiffs seek to represent a class of all persons in the United States who purchased these products from September 9, 2009 to the present. *Id.* at 2, 13.

---

[1] California's Sherman Food, Drug, and Cosmetic Law (Cal. Health & Safe. Code § 110660 *et seq.*) adopts the Federal Food Drug and Cosmetic Act ("FDCA") and its regulations as California law. *See Swearingen v. Amazon Preservation Partners, Inc.*, No. 13-cv-4402-WHO, 2014 WL 110094, at *1 n.1 (N.D. Cal. Mar. 18, 2014).

**DISCUSSION**

Plaintiffs have failed to establish standing to sue under the UCL and CLRA. For standing under the UCL, the California Supreme Court has required actual reliance on the alleged product label misrepresentation. *Kwikset v. Superior Court*, 51 Cal.4th 310, 326 (2011). "This actual reliance requirement applies equally to the 'unlawful' prong of the UCL when the predicate unlawfulness is misrepresentation and deception." *Swearingen v. Amazon Preservation Partners, Inc.*, No. 13-cv-4402-WHO, 2014 WL 110094, at *2 (N.D. Cal. Mar. 18, 2014) (internal quotations and citation omitted). In addition, as "with the UCL, plaintiffs must allege reliance on the specific marketing materials claimed to be misleading in order to establish standing to bring claims under the CLRA." *Swearingen*, 2014 WL 110094, at *3 (citing *Bronson v. Johnson & Johnson, Inc.*, 12-cv-4184 CRB, 2013 WL 5731817, at *5 (N.D. Cal. Oct. 22, 2013); *Kane v. Chiobani, Inc.*, 12-cv-02425-LHK, 2013 WL 5289253, at *5 (N.D. Cal. Sept. 19, 2013) ("To have standing under the FAL and the CLRA, a plaintiff must allege that she relied on the defendant's alleged misrepresentation and that she suffered economic injury as a result.")) (internal quotations omitted); *Brazil v. Dole Food Co.*, 12-cv-1831-LHK, 2013 WL 5312418, at *8 (N.D. Cal. Sept. 23, 2013) (requiring actual reliance on the alleged misrepresentation in order to have standing under the CLRA). Because plaintiffs did not allege the requisite reliance, the complaint fails as a matter of law.

Plaintiffs' effort to sidestep these basic pleading requirements is misdirected. As in other very similar cases, plaintiffs here try to escape the reliance requirement by characterizing their claims as strict liability labeling violations. The Court finds that this argument is unavailing for the same reasons it was rejected in other cases. *See Swearingen*, 2014 WL 110094, at *2-*3 (rejecting same argument by plaintiffs' counsel); *Figy v. Amy's Kitchen*, 13-cv-03876-SI, 2013 WL 6169503, at *3 (N.D. Cal. Nov. 25, 2013) (same).

Plaintiffs' "illegal products" theory is equally unfounded. Our district has repeatedly rejected this argument because it would effectively "eviscerate the enhanced standing requirements imposed by [California's] Proposition 64 and the California Supreme Court's opinion in *Kwikset*." *Kane*, 2013 WL 5289253, at *9; *Swearingen*, 2014 WL 110094, at *3 (citing

3

1  same); *Brazil*, 2013 WL 5312418, at *8 ("[E]ven if Brazil's illegal product theory could pass
2  muster under Article III, it fails as a basis for establishing statutory standing under the UCL, FAL
3  and CLRA.").

## CONCLUSION

Pacific's Motion to Dismiss is granted without prejudice. Any amended complaint must be filed within 14 days of this order.

Dated: July 30, 2014

_____
JAMES DONATO
United States District Judge