UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SWEARINGEN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>PACIFIC FOODS OF OREGON, INC.,<br><br>  Defendant. | Case No. 13-cv-04157-JD<br><br>**ORDER DISMISSING CASE**<br>Re: Dkt. No. 64 |

In this food labelling case, plaintiffs challenge defendant Pacific Foods of Oregon, Inc.'s use of the term "evaporated cane juice" ("ECJ") on the ingredient lists for its food products. Plaintiffs assert two claims under the California Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA"), respectively. Dkt. No. 47.

The Court previously dismissed an earlier version of the plaintiffs' complaint because plaintiffs had failed to allege the requisite reliance. Dkt. No. 46 at 3. The Court noted that reliance was required to be pled for both plaintiffs' CLRA and UCL ("unlawful") claims, and the Court rejected plaintiffs' effort to "escape the reliance requirement by characterizing their claims as strict liability labeling violations." *Id*. The Court found "equally unfounded" plaintiffs' "'illegal products' theory." *Id*.

Plaintiffs' amended complaint repeats every one of these same legal errors and consequently must be dismissed. Plaintiffs assert in their complaint that they need not plead reliance. *See*, *e.g.*, Dkt. No. 47 ¶ 39 ("When plaintiffs and the class purchased an illegally misbranded product there is causation and injury even absent reliance"); ¶ 67 ("Under California law, unlawful injury causing conduct, such as defendant's unlawful sale of an illegal product, is the only element necessary for the UCL claim."); ¶ 68 (alleging lack of need for any allegations of "review of or reliance on the particular labeling claims by plaintiffs"). Plaintiffs again rehash their

strict liability theory. *See*, *e.g.*, *id.* ¶ 40 (alleging plaintiffs' claim "does not sound in fraud; instead, it alleges strict liability"); ¶ 68 (same). Plaintiffs also re-assert their "illegal products" theory as their core theory of liability. *See*, *e.g.*, *id.* ¶ 37 (alleging sale of products at issue were "criminal act[s]" and "illegal transaction[s]," and that defendant sold plaintiffs "a worthless, illegal product that could not be legally sold or possessed"); ¶ 68 (alleging sale of "misbranded food products that are illegal to sell or possess"); ¶ 91 ("Plaintiffs were misled by defendant's failure to disclose the material fact that the misbranded food products were illegal to sell and possess.").

Not only do these allegations fly directly in the face of the Court's prior order, Dkt. No. 46, the circuit has now expressly confirmed that they are not legally viable. *See Brazil v. Dole Packaged Foods, LLC*, 660 Fed. Appx. 531, 534 (9th Cir. 2016) (confirming reliance is required even for claims under the "unlawful" prong of the UCL when those claims are based on an alleged misrepresentation or deception). The *Brazil* court held:

> Brazil's pleadings could also be interpreted to assert that the allegedly deceptive labels rendered Dole's fruit illegal to sell, to receive, and to possess under California law. In that sense, Brazil seems to be suggesting that Dole's website statements about certain fruit products subject him to risk of fine or prosecution if he is found in possession of that fruit product. *We are unable to find support for this outlandish theory in the decisions of the California courts. To the extent Brazil asserted this claim, it was correctly dismissed.*

660 Fed. Appx. at 534 (emphasis added).

That is exactly plaintiffs' core theory in this case:

> Plaintiffs relied on defendant's representation that the misbranded food products were legal. Plaintiffs would not have bought the misbranded food products if defendant had disclosed the material fact that the misbranded food products were illegal to sell and possess. A reasonable person would find it important when determining whether to purchase a product that it is unlawful to sell or possess that product. A reasonable person would not knowingly commit a criminal act.

Dkt. No. 47 ¶ 91.

Despite having been granted leave to amend with specific guidance on what to fix, plaintiffs have opted to re-allege legal theories rejected by the Court and now confirmed to be deficient by the circuit. As such, plaintiffs' amended complaint fails to state a claim upon which relief can be granted, and the Court consequently grants defendant's motion to dismiss pursuant to

1  Federal Rule of Civil Procedure 12(b)(6). On the question of whether to grant leave to amend, the
2  Court notes that its discretion to dismiss with prejudice is "particularly broad" after prior leave to
3  amend has been granted. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).
4  On this record, the Court finds that the more appropriate course is to dismiss the action with
5  prejudice. The Clerk will enter judgment and close the case.

6  **IT IS SO ORDERED.**

7  Dated: March 20, 2017

JAMES DONATO
United States District Judge